UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

MERCEDES GUODOY ARANA,

        Petitioner,

  -v-                                         No.  20 CV 4104-LTS

THOMAS DECKER, et al.,

        Respondents.

---------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Mercedes Guodoy Arana ("Mr. Arana" or "Petitioner") files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Docket entry no. 1, the "Petition.")  He asserts that he is being held unconstitutionally in the custody of the United States because, at his bond hearing held pursuant to 8 U.S.C. § 1226(a), the Government was not required to demonstrate that Mr. Arana posed either a risk of flight or a danger to the community.  Accordingly, Mr. Arana seeks what he characterizes as an immediate, constitutionally-adequate bond hearing where the Government bears the burden of proving detention is warranted by clear and convincing evidence; consideration of alternative conditions of release and his ability to pay at such a bond hearing; and reasonable attorney's costs and fees pursuant to the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.  Respondents filed their opposition to the Petition on June 10, 2020.  (Docket entry no. 7, the "Opp.")   Mr. Arana filed a Reply on June 12, 2020. (Docket entry no. 9, the "Reply.")

        The Court has jurisdiction of this Petition pursuant to 28 U.S.C. §§ 1331 and 2241.  The Court has reviewed carefully all of the parties' submissions in connection with the

instant Petition and, for the reasons that follow, Mr. Arana's Petition is hereby stayed pending a decision on Mr. Arana's appeal to the Board of Immigration Appeals ("BIA") and further order of the Court.  Respondents are enjoined from moving Petitioner out of the New York City metropolitan area pending the resolution of this Petition.

## BACKGROUND

Mr. Arana is a 38-year-old citizen of Guatemala.  (Petition at ¶ 3.)  He first entered the United States in 2000, and has lived in New York since that time.  (Id. at ¶¶ 13, 17.)  Prior to his ICE detention, Mr. Arana worked in construction and lived with his U.S. citizen partner, her thirteen-year-old U.S. citizen daughter, and his partner's elderly, bedridden Lawful Permanent Resident mother, Ms. Herrera Gutierrez.  (Id. at ¶¶ 14, 16-17.)  Mr. Arana assisted in caring for his partner and her family, including by helping to pay for rent and utilities and taking Ms. Gutierrez to her doctor appointments.  (Id. at ¶ 20.)  Additionally, Mr. Arana has been a smoker for the past 18 years.  (Id. at ¶ 34.)

On December 22, 2019, Mr. Arana was arrested for the first time in the U.S. and charged with aggravated driving while intoxicated in violation of New York State Vehicle and Traffic Law ("VTL") §1192.3 and aggravated driving while intoxicated in violation of New York State VTL § 1192.2(2-a)(a), in Rockland County, NY.  (Id. at ¶ 18; Opp. at 2.)  The charges are currently pending in the Spring Valley Justice Court, Spring Valley, New York. (Opp. at 2.)  The Rockland County's District Attorney's Office has offered to resolve the case with a plea to a lesser offense of driving while ability impaired.  (Petition at ¶ 18.)  Following his arrest, Mr. Arana enrolled in alcohol use treatment classes and attended all of his classes prior to his ICE detention.  (Id. at ¶ 19.)

On March 4, 2020, ICE arrested Mr. Arana, placed him in removal proceedings pursuant to Immigration and Nationality Act ("INA") Section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and detained him at the Orange County Correctional Facility ("OCCF") in Goshen, NY pursuant to 8 U.S.C. § 1226(a).  (Id. at ¶¶ 3, 22; Opp. at 2.)  On May 4, 2020, Mr. Arana received a bond hearing, at which the Immigration Judge ("IJ") required Mr. Arana to prove by a preponderance of the evidence that he was neither a danger to the community nor a flight risk.  (Id. at ¶ 25, Opp. at 16.)  Mr. Arana presented eighty-six pages of evidence in support of his request for bond, including seven letters from family, friends and co-workers; a draft application for fear-based relief; letters from Mr. Arana's alcohol use treatment classes' clinician attesting to the fact that Mr. Arana attended classes regularly and was "attentive, interactive and contributes in all educational discussions" during his classes; and evidence regarding his sole arrest and plea offer.  (Petition at ¶ 25.)  Mr. Arana also testified at his bond hearing, explaining that he had arranged for transportation to work so that he would not have to drive in the future.  (Id. at ¶ 27.)  Counsel for the Department of Homeland Security ("DHS") did not submit any evidence in support of denying bond.  (Id. at ¶ 26.)  After hearing testimony and arguments, the IJ rendered an oral decision denying bond, concluding that Mr. Arana had not established that he was not a danger to the community.  (Id. at ¶ 27.)  The IJ did not address whether or not Mr. Arana posed a risk of flight. (Id. at ¶ 28.)

On May 15, 2020, counsel for Mr. Arana filed an appeal of the bond denial to the BIA, arguing that the IJ erred in finding that Mr. Arana did not meet his burden of showing that he was not a danger to the community, and by not properly considering his numerous equities.  (Id. at ¶ 30.)  On May 29, 2020, counsel for Mr. Arana filed the instant Petition for a writ of habeas corpus.

DISCUSSION

Mr. Arana asserts that he is being detained unconstitutionally because the burden placed on him to prove that he is not a danger to the community or a risk of flight at his bond hearing deprived him of his due process rights under the Fifth Amendment of the Constitution. Accordingly, he requests that the Court order Respondents to provide him with what he contends would be a constitutionally-adequate bond hearing at which the Government bears the burden of proof and the IJ considers alternative conditions of release and Mr. Arana's ability to pay bond. In response, Respondents argue that Mr. Arana's Petition should be dismissed or held in abeyance because his appeal to the BIA remains pending and could potentially resolve his case on non-constitutional grounds.

Non-citizens have the right to appeal immigration bond decisions by immigration judges to the BIA. Paz Nativi v. Shanahan, No. 16-CV-8496 (JPO), 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) (collecting cases) (citing 8 C.F.R. § 1236.1(d)(3)). "There is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention [in federal court]." Araujo-Cortes v. Shanahan, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014). However, courts may require exhaustion as a prudential matter in the case of challenges to immigration bond decisions in order to "protect[ ] the authority of administrative agencies, limit[ ] interference in agency affairs, develop[ ] the factual record to make judicial review more efficient, and resolv[e] issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).

Exhaustion may be excused where: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised

a substantial constitutional question." Beharry, 329 F.3d at 62.  "Numerous cases in this District have applied this prudential exhaustion requirement to defer decision on habeas petitions where a BIA appeal of a bond determination is pending." Paz Nativi, 2017 WL 281751, at *2 (collecting cases).

Here, Mr. Arana has appealed his bond determination to the BIA, arguing that the IJ incorrectly found him to be a danger to the community.  Mr. Arana's appeal is currently pending.  As Respondents correctly argue, in deciding Mr. Arana's appeal, the BIA could potentially resolve the matter in his favor and release him on bond.  For this reason, the pendency of Mr. Arana's BIA appeal, which could potentially moot the constitutional challenges he raises in the instant petition, "counsels for the Court to stay its hand until the exhaustion of administrative review in the name of preserving scarce judicial resources and avoiding the possibility of duplicative or conflicting rulings." Paz Nativi, 2017 WL 281751, at *2.

Mr. Arana contends that the Court should excuse administrative exhaustion here because several exceptions warrant such excusal in his case.  First, Mr. Arana contends that resolution of the BIA appeal would not provide him with a genuine opportunity for adequate relief and is futile because, even if the BIA resolves Mr. Arana's appeal in his favor, the BIA will have to remand the case back to the IJ for a determination on whether or not Mr. Arana is a risk of flight.  Mr. Arana argues that upon such remand, he will be subject to the same unconstitutional allocation of burden he raises in the instant petition.  However, Mr. Arana does not cite authority mandating such a remand.  Moreover, his procedural prediction conflicts with the Respondents' argument that, in deciding his appeal, the BIA may release Mr. Arana on bond.  Accordingly, at this juncture, the Court chooses to exercise its discretion to apply the prudential

exhaustion doctrine and await the BIA's decision on Mr. Arana's appeal before determining whether and to what extent further proceedings with respect to this Petition are necessary.

Second, Mr. Arana argues his continued detention in the midst of the COVID-19 pandemic, particularly due to his history of smoking, and in light of the significant harm it is causing his family, constitutes irreparable harm warranting excusal of administrative exhaustion. However, courts in this district have rejected the argument that prolonged detention constitutes irreparable harm. See Michalski v. Decker, 279 F. Supp. 3d 487, 496 (S.D.N.Y. 2018); Paz Nativi, 2017 WL 281751, at *2 (noting that if detention alone constituted irreparable harm, then the "exception would swallow the rule that the INS administrative remedies must be exhausted before resorting to the federal courts.") (citation omitted).  Additionally, Mr. Arana has proffered no basis for the Court to conclude that he is currently in such need of immediate relief that waiting for the BIA to decide Mr. Arana's appeal would cause irreparable injury.  He does not allege that he or anyone in his unit is known to be infected or suffering from symptoms; nor does he assert that the OCCF is not taking any steps to protect detainees from potential infection. Furthermore, this Court recently found that "objectively reasonable measures" have been taken to "mitigate the spread of COVID-19 within the OCCF," including screening and monitoring detainees; providing detainees with access to medical care; regularly cleaning housing units; providing detainees with hygienic supplies like hand sanitizers; and adjusting custody conditions, where appropriate.  Ulger v. Decker, No. 20 Civ. 2952 (LTS), 2020 WL 2061473, at *3-4 (S.D.N.Y. Apr. 29, 2020).  Accordingly, the irreparable harm exception is inapplicable here.

Finally, Mr. Arana argues that his petition raises a substantial constitutional question regarding the due process rights of civil immigration detainees, and exhaustion should be excused to allow the Court to rule on this issue.  However, Courts are advised to avoid

reaching a constitutional question until it is necessary.  Allstate Ins. Co. v. Serio, 261 F.3d 143, 149–50 (2d Cir. 2001) ("It is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions.")  Therefore, because the BIA may resolve Mr. Arana's appeal in his favor, thereby mooting his constitutional due process claims, there is insufficient justification to excuse Arana from the exhaustion requirement for this reason.  See Monterosa v. Decker, No. 1:20-CV-02653-MKV, 2020 WL 1847771, at *5 (S.D.N.Y. Apr. 11, 2020) ("[T]he 'constitutional question' exception to prudential exhaustion does not apply here . . . answering the constitutional questions may be entirely unnecessary if the BIA were to decide to release [petitioner] based on the evidentiary record.")

For these reasons, the Court declines to excuse Mr. Arana's failure to exhaust his administrative remedies.  Accordingly, Mr. Arana's Petition is stayed pending the BIA's decision on his appeal and further order of the Court.  The parties shall meet and confer promptly when the BIA's decision is rendered and, within fourteen (14) days of that decision, file a joint status report notifying the Court of that decision and their respective positions as to what, if any further proceedings are necessary with respect to this Petition.

## CONCLUSION

For the foregoing reasons, Mr. Arana's Petition is stayed pending the BIA's decision on Mr. Arana's appeal of the IJ's denial of bond, and further order of the Court.  The parties shall file a joint status report within fourteen (14) days after the BIA's decision is rendered.

To protect the ability of this Court properly to exercise jurisdiction of this matter, Respondents are hereby enjoined from moving Petitioner out of the New York City metropolitan area pending the resolution of this Petition.

SO ORDERED.

Dated: New York, New York
       July 8, 2020

   /s/ Laura Taylor Swain
  LAURA TAYLOR SWAIN
  United States District Judge